**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.:  7:24-cv-9359**

JON Q. WRIGHT and LARRY ZACH,

                    Plaintiffs,

v.

FISHING NICE, LLC and LELEX SHOP, LLC,

                    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiffs JON Q. WRIGHT and LARRY ZACH by and through their undersigned counsel, bring this Complaint against Defendants FISHING NICE, LLC and LELEX SHOP, LLC for damages and injunctive relief, and in support thereof state as follows:

**SUMMARY OF THE ACTION**

1.    Plaintiffs JON Q. WRIGHT ("Wright") and LARRY ZACH ("Zach") bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Wright and Zach's original copyrighted Works of authorship.

2.    Wright is one of the leading artists in North America specializing in fish and fishing related art and contributes his success to experience, patience, and dedication. He has several fish illustrations, paintings, and designs that are built on his talent and 40 years of expertise.

3.    Zach is a professional wildlife artist who spent his childhood days exploring the fields, streams, and forests surrounding his family farm. In 1987, he captured the "grand slam" of

the Iowa art world by winning the Iowa Duck Stamp contest as well as Artist of the Year by

Iowa Ducks Unlimited, Iowa Pheasants Forever, and the Iowa Wild Turkey Federation.

4.      Defendant FISHING NICE, LLC ("Fishing Nice") is an online fishing shop that

sells clothing and specialized fishing equipment for enthusiastic fishing lovers. At all times

relevant herein, Fishing Nice owned and operated the internet website located at the URL

https://fishingnice.com/ (the "FN Website").

5.      Defendant LELEX SHOP, LLC ("Lelex") is an online hunting and fishing shop

that sells unique apparel for enthusiastic hunting and fishing lovers. At all times relevant herein,

Lelex owned and operated the internet website located at the URL https://lelexshop.com/ (the

"LS Website").

6.      Defendants Fishing Nice, Lelex are collectively referred to herein as

"Defendants".

7.      Plaintiffs allege that Defendants copied their copyrighted Works from the internet

in order to advertise, market and promote their business activities. Defendants committed the

violations alleged in connection with its business.

<u>**JURISDICTION AND VENUE**</u>

8.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.

§§ 1331, 1338(a).

10.      Defendants are subject to personal jurisdiction in New York.

11.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a)

because the events giving rise to the claims occurred in this district, Defendants engaged in

infringement in this district, Defendants reside in this district, Defendants' agents are found in

this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12.    Fishing Nice, LLC is a New York Limited Liability Company, with its principal place of business at 2972 Kaley Dr. NW, Kennesaw, Georgia, 30152, and can be served by serving its Registered Agent, ALEX ACCIMEUS, 57 ROBERT PITT DRIVE, APT C, MONSEY, NY, 10952.

13.    Lelex Shop, LLC is a New York Limited Liability Company, with its principal place of business at 2972 Kaley Dr. NW, Kennesaw, Georgia, 30152, and can be served by serving its Registered Agent, Alex Accimeus, 57 ROBERT PITT DRIVE, APT C, MONSEY, NY, 10952.

## THE COPYRIGHTED WORKS AT ISSUE

14.    The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, one of which is shown below, and which are referred to herein as the "Works."  Copies of the Registration Certificates and the Works they apply to are attached hereto as Composite **Exhibit 1** and Composite **Exhibit 2**.

| Copyright Claimant | Title | Registration Date | Registration Number | Exhibit |
|---|---|---|---|---|
| Jon Wright | Legends Series Artwork | June 1, 2001 | VA 1-153-915 | 1A |
| Jon Wright | Fooled Again Bass | October 8, 1991 | VA 519-738 | 1B |
| Jon Wright | JQ Fish Art | July 7, 2009 | VAu 1-021-822 | 1C |
| Jon Wright | Brown trout, and other acrylic paintings | October 27, 1995 | VAu 348-036 | 1D |
| Larry Zach | Dream Bucks II – The Missing Trophy | June 13, 2015 | VA 1-965-299 | 2A |

| Larry Zach | Big City Buck – Larry Zach | June 13, 2015 | VA 1-965-308 | 2B |
| Larry Zach | Big Country Bucks-Larry Zach | June 13, 2015 | VA 1-965-319 | 2C |
| Larry Zach | Old Rivals I | January 27, 2017 | VA 2-062-235 | 2D |
| Larry Zach | Corn Field Buck | February 9, 2023 | VA 2-363-027 | 2E |
| Larry Zach | Broken solitude--whitetail | April 23, 1996 | VA 776-335 | 2F |

15.    Wright published his Works by displaying them on his website, https://jon-wright.pixels.com/ (the "JQ Website"). At the time he published his Works on the JQ Website and at all times thereafter, Wright offered rights to the public through a Royalty-Free License and a variety of Rights-Managed Licenses.[1]

16.    Wright's display of his Works on the JQ Website also included copyright management information ("CMI") next to the Work in the form of Wright's name and copyright notice (collectively the "Attributions").

17.    Zach published his Works by displaying them on his website https://www.zachwildlifeart.com/ (the "LZ Website").

18.    Zach's display of his Works on the LZ Website included copyright management information ("CMI") with a copyright notice, the name Larry Zach, and Larry Zach's signature embedded on the Works (collectively, the "Attributions").

19.    Plaintiffs' Works are protected by copyright but were not otherwise confidential, proprietary, or trade secrets. The Works in perspective, orientation, positioning, lighting, and

---

[1] https://jon-wright.pixels.com/termsofuse.html?document=availablelicenses

other details are entirely original, distinctive, and unique. As such, the Works qualify as subject

matters protectable under the Copyright Act.

20.    At all relevant times Plaintiffs were the owner of the copyrighted Works.

## <u>INFRINGEMENT BY DEFENDANTS</u>

21.    Defendants have never been licensed to use the Works at issue in this action for

any purpose.

22.    On a date after the Works at issue in this action were created, but prior to the

filing of this action, Defendants copied the Works.

23.    On or about June 21, 2023, Plaintiffs discovered the unauthorized use of their

Works on the Defendants' Websites at the following URLs:

| | |
|---|---|
| 1 | https://fishingnice.com/collections/fishing-apparel/products/justonemorecast-b |
| 2 | https://fishingnice.com/collections/fishing-apparel/products/bass-fishing-makes-me-happy-1 |
| 3 | https://lelexshop.com/collections/3-days-delivery/products/whitetail-deer-bow-hunter-tank |
| 4 | https://lelexshop.com/collections/3-days-delivery/products/usa-proud-whitetail-hunter |
| 5 | https://lelexshop.com/products/deer-hunting-1 |
| 6 | https://lelexshop.com/collections/hunting/products/born-to-hunt-deer-skull |
| 7 | https://lelexshop.com/collections/hunting/products/us-deer-love |
| 8 | https://lelexshop.com/collections/hunting/products/whitetail-hunt-hard |
| 9 | https://lelexshop.com/collections/hunting/products/hunt-hard-whitetail-deer-bow-hunter-usa-flag- |
| 10 | https://lelexshop.com/collections/hunting/products/wdh |
| 11 | https://lelexshop.com/collections/hunting/products/copy-of-us-deer-hunter |
| 12 | https://lelexshop.com/collections/hunting/products/us-deer-hunters |
| 13 | https://lelexshop.com/collections/hunting/products/addicted-bow-hunter |
| 14 | https://lelexshop.com/collections/hunting/products/born-to-hunt-addicted-bow-hunter-t-shirt |
| 15 | https://lelexshop.com/collections/hunting/products/addicted-bow-hunter-t-shirt-1 |
| 16 | https://lelexshop.com/collections/hunting/products/born-to-hunt-whitetail |
| 17 | https://lelexshop.com/collections/hunting/products/hhr |

24.    Defendants copied Plaintiffs' Works without permission or authority.

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

25.     After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of the various apparel they sell.

26.     Defendants copied and distributed Wright, Zach's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

27.     Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 3**.

28.     Plaintiffs never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

29.     Plaintiffs notified Defendants of the allegations set forth herein on September 6, 2023 and September 28, 2023.  To date, the parties have failed to resolve this matter.

30.     When Defendants copied and displayed the Works at issue in this case, Defendants' removed Plaintiffs' copyright management information from the Works.

31.     Plaintiffs never gave Defendants' permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

32.     Plaintiffs incorporate the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     Plaintiffs own valid copyrights in the Works at issue in this case.

34.     Plaintiffs registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

35.     Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Wright, Zach's authorization in violation of 17 U.S.C. § 501.

36.     Defendants performed the acts alleged in the course and scope of its business activities.

37.     Defendants' acts were willful.

38.     Plaintiffs have been damaged.

39.     The harm caused to Plaintiffs has been irreparable.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

40.     Plaintiffs incorporated the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41.     The Work contains copyright management information ("CMI") in the form of the Attributions on the JQ Website and the LZ Website.

42.     Defendants knowing and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Works on their Websites without any of the Attributions in violation of 17 U.S.C. § 1202(b).

43.     Defendants distributed the Works to their Websites knowing that CMI had been removed or altered without authority of the copyright owners or the law.

44.     Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Plaintiffs' rights in the Works.

45.     Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

infringement of Plaintiffs' rights in the Work at issue in this action protected under the Copyright Act.

46.    Plaintiffs have been damaged.

47.    The harm caused to Plaintiffs has been irreparable.

WHEREFORE, the Plaintiffs JON Q. WRIGHT and LARRY ZACH pray for judgment against the Defendants FISHING NICE, LLC and LELEX SHOP, LLC that:

a.    Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b.    Defendants be required to pay Plaintiffs their actual damages and Defendants' profits attributable to the infringement, or, at Wright, Zach's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.    Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

d.    Plaintiffs be awarded pre- and post-judgment interest; and

e.    Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: December 9, 2024                    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
NY Bar Number: 2459576

joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs Jon Q. Wright and Larry
Zach*

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS